UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES L. BOBO, | Case No. C13-071-MJP |
| Plaintiff, | |
| v. | |
| TRACFONE WIRELESS, INC., | REPORT AND RECOMMENDATION |
| Defendant. | |

## I.  INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff, proceeding *pro se*, has filed a proposed complaint and an application to proceed *in forma pauperis* ("IFP") in the above-entitled civil action. Dkt. 1; Dkt. 1-1. After careful consideration of plaintiff's proposed complaint, plaintiff's IFP application, the governing law, and the balance of the record, the Court recommends that plaintiff's proposed complaint, Dkt. 1-1, be DISMISSED without prejudice for failure to state a claim upon which relief may be granted, and his IFP application, Dkt. 1, be DENIED as moot. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

REPORT AND RECOMMENDATION
PAGE - 1

## II.  BACKGROUND

Plaintiff's proposed complaint, filed on January 11, 2013, appears to be based upon problems with the functioning of his personal cellular telephone.  Dkt. 1-1 at 2.  Specifically, plaintiff asserts that his claim involves "failure connection (sic) to internet web.  Failure connect to Google on the Internet."  *Id.*  He asserts that "Tracfone don't want me used (sic) Google on Web Internet."  *Id*.  In the caption of his proposed complaint, he further explains that he has used his current "phone about 3 y[ears] no problem using Web Internet.  Starting now Dec. 18, 202 can not get Google that the problem have (sic) on the Web Company say need buy another phone."  *Id.* at 1.

## III.  DISCUSSION

A plaintiff must "plead a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. ("FRCP") 8(a)(2).  This statement must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  Under 28 U.S.C. § 1915(e), the district court must dismiss a case "at any time" it determines a complaint is frivolous or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2).  Section 1915(e) applies to all IFP proceedings, not just those filed by prisoners.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Here, plaintiff's proposed complaint fails to allege sufficient facts to place the defendant on notice of the nature of plaintiff's claims or otherwise provide any basis for jurisdiction in this Court.  *See* FRCP 8(a).  Although plaintiff asserts in his proposed complaint that he believes the defendant has wronged him in various ways, plaintiff has failed to provide

sufficient facts or details to state a cognizable legal claim against the defendant. Thus, his proposed complaint appears frivolous. *See* Dkt. 1-1, Att. 1-4.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that plaintiff's proposed complaint, Dkt. 1-1, be DISMISSED without prejudice, and that his IFP application, Dkt. 1, be DENIED as moot. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). A proposed order accompanies this Report and Recommendation.

DATED this 22nd day of January, 2013.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
United States Magistrate Judge